**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SHOKHJAKHON MUKHAMMED UGLI ROZINYAZOV,

Petitioner,

v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*, et al.,

Respondents.

Case No. 1:26-CV-1144

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on Shokhjakhon Mukhammed Ugli Rozinyazov's Amended Petition for a Writ of Habeas Corpus. (Doc. 2). Federal Respondents have filed a Return and Response in Opposition. (Doc. 8).

Petitioner, a native and citizen of Uzbekistan, entered the United States near San Ysidro, California, in February 2023. In July 2026, Petitioner was stopped by a Warren County Sheriff deputy while driving. Although no charges resulted from the stop, Petitioner was taken to the Immigration and Customs Enforcement ("ICE") office in Blue Ash, and eventually transferred to the Butler County Jail, where he remains in ICE custody. (Doc. 2, PageID 56).

On August 14, 2026, Petitioner was granted a bond hearing before an Immigration Judge. The IJ denied bond in a summary order, but subsequently issued a written decision on September 23, following Petitioner's appeal to the Board of

Immigration Appeals. (Doc. 8-2, PageID 314). And although the IJ's written decision does refer to some evidence and testimony, it also appears to reflect an improper apportioning of the burden of proof. (*See id.*).

"There exists no automatic presumption of flight risk or danger to the community assigned to a Petitioner held pursuant to § 1226(a), and '[i]n general, the Supreme Court has held that the clear and convincing standard applies to civil detention where liberty is at stake.'" *Garcia Gonzales v. Raycraft*, 2026 U.S. Dist. LEXIS 44369, at *2 n.1 (S.D. Ohio Mar. 4, 2026) (quoting *L.G. v. Choate*, 744 F.Supp.3d 1172, 1186 (D. Colo. 2024)). And due process requires that the burden to show flight risk or dangerousness by clear and convincing evidence be placed upon the government. *See Soto-Medina v. Lynch*, 817 F.Supp.3d 612, 622 (W.D. Mich. 2026).

To be clear, the Court does not and "cannot second-guess the IJ's discretionary weighing of evidence." *Ortiz Gutierrez v. Raycraft*, 2026 U.S. Dist. LEXIS 39752, at *3 (S.D. Ohio Feb. 26, 2026). However, the Court can and will take corrective action when the burden was not properly apportioned at a custody redetermination hearing and "the evidence presented does not foreclose the possibility that the government failed to meet its burden." *Al-Sadeai v. United States Immigration & Customs Enf't*, 540 F.Supp.3d 983, 992 (S.D. Cal. 2021).

Accordingly, on or before December 4, 2026, at 5:00 p.m. EDT, Respondents **shall** either release Petitioner from custody *or* provide Petitioner with a constitutionally adequate bond hearing before an IJ. In the event of the latter:

**(1)** Respondents **shall** provide a copy of this order to the IJ prior to any hearing;

**(2)** the IJ **shall** have jurisdiction over the matter and be empowered to grant bond. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 734 (6th Cir. 2026);

**(3)** Respondents **shall** *bear the burden of persuasion* of justifying Petitioner's continued detention by adducing *clear and convincing evidence* on the record that Petitioner is either a flight risk or a danger to the community;

**(4)** the IJ **shall** consider the evidence submitted by Petitioner, carefully weigh the nine relevant factors from *Matter of Guerra*, 24 I.&N. Dec. 37, 50 (B.I.A. 2006), and clearly explain all legal and factual conclusions; and

**(5)** the IJ **shall** consider, *and explain*, whether less restrictive alternatives to detention can reasonably address the government's interest, as well as Petitioner's "ability to pay when setting any bond amount." *M.P.L. v. Arteta*, No. 25-CV-5307, 2025 U.S. Dist. LEXIS 204541, at *20 (S.D.N.Y. Oct. 16, 2025).

**IT IS FURTHER ORDERED** that Respondents **shall** file a status report within one (1) business day following the above deadline to certify compliance with the Court's ruling. The certification shall note whether and when a bond hearing was held, whether bond was granted or denied, and the reasons therefore.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge